## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TYRELL L. HICKS,** | **Civil Action No. 12-1633 (FLW)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **WILLIAM SWANHART et al.,** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

 This matter comes before the Court upon Defendants' motion to stay all proceedings in this matter pending resolution of Plaintiff Tyrell L. Hicks' appeal of his criminal conviction currently before the New Jersey Appellate Division.  The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to Defendants' Motion, and considers same without oral argument pursuant to FED.R.CIV.P. 78.  For the reasons set forth more fully below, Defendants' motion to stay is GRANTED.

### I. Factual Background

 This case arises out of a January 28, 2010 arrest of Plaintiff for which he was subsequently convicted on February 1, 2011 of Driving While Intoxicated, Refusing to Submit to a Breath Test, possession of an Open Alcoholic Beverage Container in a Motor Vehicle and Failing to Wear a Seatbelt. *Defendants' Brief in Support,* [Docket Entry No. 15-1, *5].  Plaintiff brought the instant action on January 30, 2012 in the Superior Court of New Jersey, Mercer County, Law Division and the case was thereupon removed to Federal Court.  Plaintiff's civil case alleges that his January 2010 arrest constituted an illegal search and seizure and false arrest

1

in violation of 42 U.S.C. §1983 and further alleges a violation of 18 U.S.C. §241.[1]  *Id.* at *6. During a telephone conference with this Court held on September 4, 2012, Plaintiff indicated that he had filed an appeal of his criminal conviction with the New Jersey Appellate Division. *Id.* at *7.  That appeal is currently pending.

## II. Arguments

Defendants argue that the instant case should be stayed until Plaintiff's pending appeal in the New Jersey Appellate Division is decided. *Id.*  Defendants cite to *Walsh Securities, Inc. v. Cristo Property Management, Ltd.,* 7 F.Supp.2d 523, 526 (D.N.J. 1998) which enumerates six factors to be considered in evaluating whether or not to grant a stay. They are as follows:

> 1. The extent to which the issues in the criminal and civil cases overlap;
> 2. The status of the case, including whether the defendants have been indicted;
> 3. The plaintiff's interest in proceeding expeditiously weighted against the prejudice to plaintiff caused by a delay;
> 4. The private interests of and burden on defendants;
> 5. The interests of the court; and
> 6. The public interest.

*Defendants' Brief in Support,* [Docket Entry No. 15-1, *8], quoting *Walsh,* 7 F.Supp.2d at 527. Defendants argue that each factor falls in their favor especially in light of the holding in *Heck v. Humphrey,* 512 U.S. 477 (1994) which held that a §1983 claim is *usually* barred if the criminal conviction of the civil plaintiff still stands. (Emphasis added).  Therefore, Defendants argue that extensive discovery on the issue of the §1983 claim would be a waste of time and resources if the criminal conviction is ultimately upheld. *Id.*  Alternatively, if Plaintiff's conviction is vacated, reversed, or otherwise expunged, Defendants argue that a stay of the proceedings would not

---

[1] This is the remaining cause of action in Plaintiff's complaint. Counts 1 and 4, alleging violations of 18 U.S.C. §242, N.J.S.A. 2C:30-2, and 42 U.S.C. §§ 1985, 1986 were dismissed by the District Court in an Order dated September 13, 2012. [Docket Entry No. 13].

result in a detriment to Plaintiff, as his §1983 claim will either be 1) foreclosed, saving the need for discovery on the issue; or 2) bolstered, in which case discovery on the §1983 claim will be resumed at that time and Plaintiff's case on that count will be stronger in light of the disposed conviction. *Id.* at 12.   Defendants further argue that, should discovery continue, it would cause a burden to them because, pending the criminal appeal, the §1983 claim may be moot and that discovery on this issue now could result in possible unnecessary litigation costs. *Id.* at 13. Defendants additionally argue that the interests of the Court and public would be furthered by a stay because the criminal appeal could answer some questions of fact in the civil litigation and the imposition of a stay would promote judicial economy and efficiency. *Id.*

Plaintiff opposes the motion [Docket Entry No. 16], arguing that this is simply a "defensive strategy" on behalf of the Defendants because they "anticipat[e] an unfavorable outcome for the Plaintiff in the State Appellate Court[.]" *Plaintiff's Brief in Opposition,* [Docket Entry No. 16-2, *6].  Plaintiff further argues that "the outcome of the Plaintiff's criminal appeal has no bearing on Plaintiff's §1983 claims[.]" *Id.*  Plaintiff argues that the Defendants' reliance on *Heck* is misplaced because he is not bringing a claim for Malicious Prosecution. *Id.* at 7. Plaintiff also argues that even if his criminal appeal is upheld, *Heck* holds that his §1983 claim would not necessarily be foreclosed "because an illegal search or arrest may be followed by a valid conviction" and "a successful §1983 action...does not necessarily imply the invalidity of a conviction...and does not generally bar such claims." *Id.,* citing *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003).  Plaintiff argues that he was ultimately convicted of violations other than the reasons he was initially stopped for by the arresting officer.  He therefore feels that the alleged "illegal search and seizure" is attenuated for the convictions that ultimately resulted, and that

therefore, his §1983 claim should be allowed to proceed and discovery should be continued on it. Plaintiff further argues that the issues of *res judicata* and collateral estoppel do not apply here.

### III. Analysis

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In determining whether a stay should be granted, the Court "must weigh competing interests and maintain an even balance." *Id*. at 254-55. The court must consider in granting a stay "(1) whether a stay will simplify issues and promote judicial economy; (2) the balance of harm to the parties; and (3) the length of the requested stay. *Smithkline Beecham Corp. v. Apotex Corp.*, 2004 U.S. Dist. LEXIS 13907 at *7 (E.D.Pa. July 16, 2004). As such, the Court considers whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy. *See Landis,* 299 U.S. at 255; *Ford Motor Credit Co. v. Chiorazzo*, 529 F.Supp.2d 535, 542 (D.N.J. 2008).

Further, in deciding whether a matter should be stayed, the Court is ever-mindful of the fact that "[t]he stay of a civil proceeding is an extraordinary remedy." *S.Freedman and Co. Inc. v. Raab*, Civil No. 06-3723 (RBK), 2008 WL 4534069, *2 (D.N.J. Oct. 6, 2008). It is the party seeking the stay that bears the burden of proof. Thus, "the supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward[.]" *Landis*, 299 U.S. at 255. Indeed, the proponent of the stay "must state a clear countervailing interest to abridge a party's right to litigate." *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (D.N.J.

2004).  Moreover, when the stay requested is of an "indefinite duration[,]" the party seeking

same must establish a "pressing need" for the stay.  *Landis*, 299 U.S. at 255.

In this instance, the Court finds that staying this case will simplify issues and promote

judicial economy for both the Court and the parties. Resolution of the criminal appeal will

narrow the issues for both parties by either possibly rendering them moot or allowing the parties

to focus and streamline their arguments.  Plaintiff vigorously argues that his §1983 claim is

proper and should not be barred pending the criminal appeal.  This issue, however, is not before

the Court in the instant motion to stay.  The Court makes no findings on whether Plaintiff's

§1983 claim will certainly become moot if Plaintiff receives an unfavorable decision at the

Appellate Level.  The possibility of mootness, however, is a consideration which weighs in favor

of a stay of the proceedings.  The Court finds that not granting the stay would prejudice

Defendants by causing them to incur litigation expenses on exploring issues that the appellate

decision will undoubtedly narrow.  Indeed, the Court finds that not staying the case would

impose a hardship on the Defendants by requiring duplicative efforts when the decision on the

criminal appeal matter might narrow or moot the remaining issues.  Therefore, the current matter

is stayed pending the decision in the New Jersey Appellate Division concerning Plaintiff's appeal

of his criminal convictions. At that time, the Court will re-visit the remaining claims in this

matter.

## IV. Conclusion

For the reasons set forth above, Defendants' motion to stay is GRANTED.  An

appropriate Order follows.

Dated: December 10, 2012

s/  Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**